HAVANA CITY RY. CO. et al. v. CEBALLOS et al.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

AFFIRMATIVE RELIEF BETWEEN DEFENDANTS—PLEADINGS.

Code Civ. Proc. § 522, providing that an allegation of new matter in an answer to which a reply is not required shall be deemed controverted, applies to an answer under section 521, served on defendants by another defendant, alleging that he acquired the interest of the plaintiffs in the subject of the action, and asking that he be declared to be the owner thereof, and that the prayers of the complaint be granted for his benefit; there being no provision requiring defendants on whom such an answer is served to reply.

Appeal from special term, New York county.

Action by the Havana City Railway Company and another against Juan M. Ceballos and others. From an order denying motion of Eugene Sweeney, one of the defendants, for judgment on the pleadings, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Willis B. Dowd, for appellant.
Joseph Folliard, for other respondents.
Charles A. Collin, for respondent American Indies Co.

INGRAHAM, J. As we have sustained the demurrer to the complaint in this action interposed by one of the other defendants, decided March 9, 1900, it does not appear that this defendant appellant would be entitled to judgment against his co-defendants to enforce a cause of action alleged in a complaint, a demurrer to which has been sustained. We do not think, however, that under any circumstances this defendant appellant would be entitled to a judgment against his co-defendants because of their failure to reply to the demand for

affirmative relief set up in his answer. The answer of the defendant Sweeney, who is the appellant here, does not plead the facts alleged as a counterclaim. His answer, after admitting allegations of the complaint, substantially alleges that he has acquired the interest of the plaintiffs in the concession which is the subject of the action, and the judgment that he asks is that he be declared to be the lawful owner and entitled to the possession of said concession mentioned in the complaint, and that the prayers of the complaint be granted for the benefit of this defendant. These allegations, in effect, demanded a judgment in favor of the defendant Sweeney against the other defendants, and not as against the plaintiffs. It was not, therefore, strictly speaking, a counterclaim, which would be a cause of action in favor of the defendant answering against the plaintiffs. The answer was served upon the other defendants, under the provisions of section 521 of the Code of Civil Procedure, which provides that "where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination may demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination." There is no provision in the Code requiring a defendant upon whom such an answer has been served to reply to the allegations therein contained, which would entitle the answering defendant to an affirmative judgment against his co-defendants. By section 522 it is provided that "each material allegation of the complaint, not controverted by the answer, and. each material allegation of the new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true. But an allegation of new matter in the answer, to which a reply is not required, * * * is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires." As no reply was required to this answer, it must, under the provisions of this section, be deemed controverted by the adverse party, namely, the other defendants upon whom it was served. Whatever was the practice before the adoption of the Code of Civil Procedure, these provisions of the Code settled the practice under it, and no answer or reply by a defendant upon whom a co-defendant has served an answer demanding affirmative relief is now required to put at issue all the facts alleged in the answer upon which is based the right to such affirmative relief against a co-defendant.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.